FILED
U.S. DIST. COURT
SAVANNAH DIV.
2007 AUG 21 P 4:42
CLERK
SO. DIST. GA.


# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JOHNNIE ODUM, )
)
Plaintiff, )
)
v. ) Case No. CV407-122
)
CITY OF PEMBROKE POLICE )
DEPARTMENT, et al., )
)
Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at Bryan County Jail, has submitted a complaint under 42 U.S.C. § 1983 and filed a motion for leave to proceed *in forma pauperis*. Plaintiff, however, is barred from proceeding *in forma pauperis* due to the three strikes provision of 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is

under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the complete filing fee when he initiates a suit. Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff has previously filed at least three complaints that have been dismissed under 28 U.S.C. § 1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant. See Odum v. Ogeechee Public Defender's Office, et. al., 6:06-CV-00045-WTM-GRS, doc. 9, 11 (S.D. Ga. June 5, 2006) (dismissing pursuant to § 1915A for failure to state a claim); Odum v. Bulloch County Public Defender's Office, et. al., 6:06-CV-00054-WTM-JEG, doc. 7, 9 (S.D. Ga. August 8, 2006) (dismissing for failure to state claim); Odum v. City of Pembroke, Bryan County Police

Dep't, et. al., 4:06-CV-00079-BAE-GRS, doc. 10, 15 (S.D. Ga, June 5, 2006) (dismissing under § 1915A).[1] These three cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's *in forma pauperis* petition should be denied and his complaint dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff alleges that on September 19, 2005, Corporal J. Doyle "testified on the witness stand that he took bloody shoes and t-shirt off of [him]." Doc. 1. Plaintiff contends that this testimony was "unfavorable," and that his attorney provided "unfavorable" representation. <u>Id.</u> Because plaintiff has not alleged that he is in imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis* and is required to pay the complete filing fee pursuant to § 1915(g)

For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be

---

[1] Plaintiff's complaint was dismissed for numerous reasons, including failing to state a claim and seeking relief from immune defendants. <u>See</u> CV406-79, doc. 10.

**DISMISSED** without prejudice. If plaintiff wishes to proceed with the claims he raises in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 21st day of August, 2007.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA